## Commonwealth *v.* Payne, Appellant.

*Criminal law—Murder—Excusing jurors from service—Jury.*

On the trial of an indictment for murder, it is not error for the court to excuse five of the panel of jurors drawn, in advance of the call of the case for trial, without the knowledge or consent of the prisoner, though it is not good practice to do so except in cases of clear necessity.

*Criminal law—Murder—Jury—Tales de circumstantibus.*

At a murder trial it is not error for the court to call one at a time jurors summoned as tales de circumstantibus.    There is no right in a prisoner to have any particular man or men on the jury, or any particular set of men from whom to select.    His right is only to have the proper number of jurors, "good men and true," to sit upon his case.

*Criminal law—Murder—Evidence—General reputation of witness.*

On the trial of an indictment for murder it is not error for the court to refuse to permit the prisoner's counsel to prove the general reputation of a witness for the commonwealth, even when coupled with an offer to follow it with proof as to his reputation for truth and veracity.

Argued Jan. 12, 1903.    Appeal, No. 15, Oct. T., 1902, by defendant, from judgment of O. & T. Beaver Co., June T., 1902, No. 1, on verdict of guilty of murder in the first degree in case of Commonwealth v. William M. Payne.    Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ.    Affirmed.

Indictment for murder.    Before WILSON, P. J.

At the trial the prisoner's counsel excepted to the panel on the ground that five of the jurors drawn had been excused prior to the trial without the knowledge of the prisoner.    The exception was noted on the record and bill sealed. [1]

The panel was exhausted after eight jurors had been obtained. The court thereupon directed the sheriff to call talesmen one at a time.    The prisoner excepted and a bill was sealed. [2, 3]

After Lulu Woods, a witness for the commonwealth, testified, a witness for the prisoner was asked as to her knowledge of the general reputation of Lulu Woods.    The question was overruled, and bill sealed. [4]

Counsel for the prisoner then made the following offer:

It is proposed first to ask the witness if she knows the general reputation of Lulu Woods, a witness who testified in this

case, and this question, if answered in the affirmative, is to be followed by the question what it is; this to be followed by the next question, what is her reputation for truth and veracity; this to be followed by another question, "From your knowledge of her general reputation, would you believe her under oath?"

The foregoing proposition is objected to as incompetent, irrelevant and immaterial.    That the defense have the right is granted upon the part of the commonwealth to ask the witness the general reputation of the witness Lulu Woods as to truth and veracity, if the witness knows.    None other is competent.

· The Court: It would not be improper while it would possibly be a vain thing and useless to ask the witness if she knew Lulu Woods's general reputation, but it would be highly incompetent and improper to ask her if she answered that in the affirmative what it was, because that might relate to her chastity, to her reputation for truth and veracity or to her honesty; and there is only one inquiry can be introduced in this case, and that is as to the truth and veracity of the witness Lulu Woods. For this reason the objection is sustained and a bill of exceptions sealed to the prisoner. [5]

Verdict of guilty of murder in the first degree upon which judgment of sentence was passed.

*Errors assigned* were (1–5) rulings on evidence as above, quoting the bill of exceptions.

*J. F. Reed*, for appellant.

*David K. Cooper*, district attorney and *John M. Buchanan*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, February 9, 1903:

The first assignment of error is to the action of the court below in excusing five of the panel of jurors drawn, and in doing so in advance of the call of the case for trial without the knowledge or consent of the prisoner.    The statute prescribes a minimum panel of forty-eight and such a panel should be regularly drawn in accordance with law.    But it is not required that the whole panel shall appear in court at the call of

the case for trial.  Such a requirement would frequently be impracticable.  Some of the persons drawn may be dead or removed from the county, and their absence is not ground for challenge to the array.  It is not a right of a prisoner to have forty-eight jurors in actual attendance : Rolland v. Com., 82 Pa. 306; Showers v. Com., 120 Pa. 573.  So if the jurors drawn attend but prove to be incompetent or incapable of service from sickness or other cause, they may be excused, and the sufficiency of the cause is within the discretion of the judge which is not reviewable : Jewell v. Com., 22 Pa. 94; Foust v. Com., 33 Pa. 338.  Whether the juror be excused at the trial or beforehand is also within the sound discretion of the court, though in the latter case the action and the reasons for it should be stated in open court, so that the fact that the excuse was judicially passed upon and found to be sufficient should appear on the record.  It would be an unreasonable hardship on a juror seriously ill to require him to be brought into court merely to be excused, and the reasons for disqualification or excuse are so numerous that they cannot be specified beforehand or reduced to any set rule, but must be left to the discretion of the judge to dispose of as they arise.

The next assignments of error are to the calling of the jurors summoned as tales de circumstantibus one at a time.  This was within the discretion of the court.  There is no right in a prisoner to have any particular man or men on the jury, or any particular set of men from whom to select.  His right is only to have the proper number of jurors, "good men and true," as the common-law phrase was, to sit upon his case.  The venire for talesmen always implies that less than a full panel are required, Williams v. Com., 91 Pa. 493, and how many it will probably be necessary to summon in order to complete the jury depends so entirely on the circumstances of each case that the whole matter must be left to the determination of the judge at the time.  It was said in the argument that the judge in this case departed from the usual practice in ordering or allowing the tales men to be called singly.  We do not know how this is.  In general it is desirable, especially in cases of serious crimes, to proceed in accordance with the settled course of precedents and practice.  But the judge was within his legal right and even if he did not follow the usual

course, it is to be conclusively presumed that he had good reasons for his action.

The remaining assignments are to the refusal to permit the prisoner's counsel to prove the general reputation of a witness for the commonwealth, even when coupled with an offer to follow it with proof as to the reputation for truth and veracity. The offer was properly excluded. The only point relevant to the case was the truthfulness of the witness's testimony. This might be attacked by direct contradiction, or by showing a special animus or prejudice on the part of the witness against the prisoner, or by showing a bad reputation for truth and veracity in general. But this is the extent. A vicious practice had at one time a considerable hold in some states (and to some extent still has in modern England) under the pretense of "letting the jury know who the witness is" of allowing indiscriminate attacks upon the general character and private life of adverse witnesses. No doubt there are cases where such knowledge might materially assist the jury in estimating the proper weight to be given to the testimony, but it was capable and usually productive of great abuse by throwing into the jury box wholly irrelevant matter merely intended to excite prejudice against the witness. In this case the true legal rule was properly enforced.

All the assignments of error are technical and having no legal merit are overruled.

Judgment affirmed and record remitted to the court below for the purpose of execution.