Commonwealth *v.* Ford, Appellant.

104

Argued June 14, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lawrence Goldberg,* for appellant.

*Burton Satzberg,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., September 13, 1962:

The appellant, Clarence Ford, was indicted for assault and battery, aggravated assault and battery, assault and battery with intent to ravish, rape and conspiracy. He asserted the defense of alibi. He was

found guilty by a jury on all counts. After disposing of a motion for new trial, sentence was imposed.

The victim of the rape, Janet Johnson Bey, 20 years of age, testified that on New Year's Eve, December 31, 1959, she spent the early hours of the evening at her home. She then left for the Twins Inn, arriving there between 11:30 p.m. and 12 midnight. She said that Tod Bristow and his wife, Florence, were friends of hers and that she went to the Twins Inn that night to hear him play. He was a musician and she testified that she sat at the table with Florence Bristow. At about two o'clock in the morning Florence Bristow left the table to get their coats and Johnny, whom she later identified as Clarence Ford, the appellant, accompanied by Earl Terry, came over to her table. She then asked Clarence Ford, the defendant, if he knew a couple of friends of hers and he replied that he did. At about 2:20 a.m. Tod Bristow, the husband of Florence, came back with the coats but in the interval of time the defendant had asked to take Janet home. She accepted the invitation and she testified that when she got to the car Earl Terry was behind the wheel and there were two other fellows in the car. She said that she was seated in the back between two of the men and that Earl Terry asked if it would be all right if they first took one of the men home. The car was stopped near the International Airport and when she learned of the men's intentions she screamed and one man said "Get the gun." She further testified that Clarence Ford had sexual intercourse with her and that each of the other men in turn also had sexual relations with her, after which she was driven back to a point near her home and let out of the car. She made immediate complaint to her sister, mother and the police. During the trial she positively identified the appellant as one of her assailants.

The first contention of the appellant is that the court erred in permitting evidence concerning his silence after accusations were made against him by the victim and by Earl Terry, an alleged accomplice. The appellant did not testify in his own behalf nor did his counsel do so. Officer Somers testified that he did not advise appellant that he could exercise his constitutional right to remain silent. Mr. Thompson, on behalf of appellant, testified that Somers had warned the defendant of his right to remain silent. There being a dispute as to whether or not the warning had been given, the court charged on this subject as follows: "Therefore, you are to consider the testimony offered by the defense as to the defendant's conduct at that time, for, if you determine that he stood mute upon advice of the police officer or on the advice of his friend, Mr. Thompson, or of his attorney, that he did not have to give evidence against him, his silence cannot be construed by you as an admission of guilt. Not only must you find that he was given this advice, but that he acted upon this advice." This was in accordance with instructions suggested by this Court in *Com. v. Towber,* 190 Pa. Superior Ct. 93, 96, 152 A. 2d 917. The reasons advanced by the appellant explaining his silence were carefully submitted to the jury in accordance with *Com. v. Vallone,* 347 Pa. 419, 32 A. 2d 889, and no error was committed by the court concerning this matter.

Furthermore, the court affirmed point 12 presented by appellant's counsel, as follows: "Where the defendant is advised by police officers of his Constitutional right to remain silent, and he is accompanied by an attorney prior to and during the time when accusations were made concerning the crime, the defendant may stand silent, and no presumption of guilt may be raised, and no inference may be drawn in the silence of the defendant."

Appellant further contends that his silence after hearing Terry's statement could not be considered as an admission under any circumstances because Terry testified that the intercourse was consensual. We approve in this connection what was said by the court below: "This contention is without merit because appellant's silence, after Terry's statement, was only introduced to show an admission that appellant and Terry were together on the night of the alleged crime and that they both had intercourse with the victim. Furthermore, no prejudice resulted to appellant from our ruling on this point because immediately before Terry's statement was read, the appellant remained silent when the victim accused him of having intercourse with her against her will."

Appellant also contends that the court erred in failing to strike the testimony of Detective Somers, who, the appellant alleged, admitted that he used a report prepared and executed by other police officers to refresh his present recollection. The record clearly reveals that Detective Somers actively participated in the preparation of this report and for this reason the appellant's contention is without merit. Furthermore, Detective Somers clearly stated that he had knowledge of the facts without looking up the notes.

"It has long been a rule of evidence that a witness may refresh his memory by an examination of memoranda reasonably contemporaneous with the transaction to which it relates, whether made by the witness or another. But if the only knowledge the witness has is that secured from the writing, his testimony is not admissible. He must know of the circumstances of which the memoranda make record at or about the time of their occurrence, and that the writing correctly records them." *Com. v. Roth,* 71 Pa. Superior Ct. 71, 73.

The use of these reports by the detective to refresh his recollection was proper since he had participated in their preparation and was aware of the facts contained therein.

Appellant also contends that the court erred in overruling defense counsel's objection to a question addressed to defense witness Earl Walden, asking the witness whether he was ever arrested on charges of rape, assault with intent to ravish and assault and battery. It is true that we have said that the crimes must be those for which a sentence has been imposed. Neither a verdict nor a plea will, without more, suffice: *Com. v. Finkelstein,* 191 Pa. Superior Ct. 328, 334, 156 A. 2d 888. In *Com. v. Snyder,* 408 Pa. 253, 182 A. 2d 495, our Supreme Court affirmed the action of the court below in permitting the defendant's plea of nolo contendere to be offered in evidence over the objection of the defendant. In that case Mr. Justice EAGEN, speaking for the majority, said: "Further, for the purposes of impeaching a defendant's credibility, a conviction had upon a plea of nolo contendere has the same force and effect as a conviction on a plea of not guilty and the record is competent evidence of the fact of conviction: . . . ." Under the law as thus announced by the Supreme Court, any error in the present case was cured when the witness Walden admitted that he had been convicted of assault and battery with intent to ravish.

Appellant also contends that the jury could have inferred that the witness was convicted of rape. We think the record clearly indicates the witness was convicted of assault with intent to ravish. Be that as it may, the charge of assault with intent to ravish is so closely related with the charge of rape that we do not believe any harm could have come to the appellant even if the jury had misunderstood the situation. Webster's New International Dictionary, Second Edition, Una-

bridged, defines "ravish" as follows: ". . . 3. Specif.: a To abduct (a woman). b Hence, to commit rape upon (a woman). c Figuratively, to violate."

The appellant also contends that the court erred in failing to allow the defense to introduce reputation testimony showing the truth and veracity of defense witness Thompson. The Commonwealth had attacked his credibility by showing a prior conviction for burglary and aggravated robbery. The court did allow defense counsel to introduce the pardon which was granted to witness Thompson. The court's refusal to allow reputation testimony for truth and veracity was clearly within the discretion of the trial judge. "The extent to which a witness may be rehabilitated after his credibility is attacked by showing that he has been convicted of a felony is a matter in which the trial judge has, and must have, wide control." *Bank of America National Trust and Savings Ass'n. v. Rocco*, 241 F. 2d 455 (1957), at page 459.

The defense also asked the trial judge to take judicial notice of the Legislative Journal setting forth the reasons for the granting of the pardon. The court's refusal to permit this was also within its discretion. If such evidence, together with character witnesses, were permitted, trials would be overburdened with collateral matters.

The record shows that counsel for appellant attacked the credibility of Commonwealth's witness, Robert Morris, by showing a prior inconsistent statement. The court then allowed the district attorney to show that Morris made a prior consonant statement. This was in accordance with the well established law which permits the introduction of a prior consonant statement by a witness whose testimony is attacked and whose credibility stands impeached. The prior statement is admissible in order to support the credibility of the witness and would be excluded as hearsay

evidence were it not for the existence of such impeachment: *Keefer v. Byers,* 398 Pa. 447, 159 A. 2d 477; *Risbon v. Cottom,* 387 Pa. 155, 127 A. 2d 101; *Lyke v. Lehigh Valley Railroad Co.,* 236 Pa. 38, 84 A. 595; *Com. v. Kay,* 14 Pa. Superior Ct. 376.

It should also be noted that counsel for the appellant failed to request the court to give instructions on the prior consonant statement. He is, therefore, precluded from raising it on appeal: *Com. v. Waychoff,* 177 Pa. Superior Ct. 182, 110 A. 2d 780.

After reading this entire record, including the very careful and adequate charge given by Judge BERNARD J. KELLEY, we are convinced that appellant had a fair trial and was properly convicted of the charge of rape upon which the sentence was imposed.

Judgment of sentence affirmed.[1]

---

[1] It is not necessary to order the appellant to appear before the court below for commitment because he is already serving a sentence for rape upon another girl committed earlier the same evening under circumstances similar to those present in this case. See *Com. v. Ford,* 193 Pa. Superior Ct. 588, 165 A. 2d 113.