642 A.2d 517

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Esdras FOWLER, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 18, 1994.

Filed June 1, 1994.

Hugh Burns, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Wayne Sachs, Philadelphia, for appellee.

Before WIEAND, HUDOCK and SAYLOR, JJ.

WIEAND, Judge:

After Esdras Fowler had been tried by a jury and found guilty of third degree murder and possessing an instrument of crime, the trial court determined that defense counsel had been constitutionally ineffective when he failed to bolster Fowler's testimony by calling an available witness to testify to Fowler's good reputation for truth and veracity.[1] Therefore, the trial court awarded a new trial. The Commonwealth appealed. After careful review, we reverse.

In Pennsylvania, a witness's truthfulness may be attacked by showing that he or she has a bad reputation for truth and veracity. *Commonwealth v. Payne*, 205 Pa. 101, 104, 54 A. 489, 491 (1903). "If a witness is impeached by proof of bad *reputation* for truth and veracity, evidence may then be admitted to prove good *reputation* for truth and veracity." *Commonwealth v. Smith*, 389 Pa.Super. 626, 630, 567 A.2d 1080, 1082 (1989). See: *Wertz v. May*, 21 Pa. 274, 279 (1853); McCormick, Evidence Vol. 1, Ch. 5, § 47 (4th ed. 1992); Packel and Poulin, Pennsylvania Evidence Ch. VI, § 608.1 (1987). Evidence in support of the general reputation of a witness for truth and veracity, however, is not competent until his or her general reputation has been assailed. "Every witness puts his [or her] character in issue; but until evidence tending directly to impeach it is produced, the law presumes it to be good, and therefore testimony to prove it good is superfluous." *Wertz v. May, supra* at 279. See also: *Commonwealth v. Smith, supra*; Packel and Poulin, Pennsylvania Evidence, *supra*, § 608.1, at 419; Henry, Pennsylvania Evidence Vol. 2, Ch. 18, § 804, at 260 (1953).

When does impeachment of a witness open the door for the introduction of evidence of the witness's good reputation for truth and veracity? McCormick answers this question as follows:

1. The trial court specifically observed that the issue was not counsel's strategy in failing to produce evidence of a character trait relevant to the crime for which appellant was being tried.

Certainly attacks by evidence of bad reputation, bad opinion of character for truthfulness, conviction of crime, or eliciting from the witness on cross-examination acknowledgment of misconduct which has not resulted in conviction, will all open the door to character support. The evidence of good character for truth is logically relevant to meet these kinds of impeachment. Moreover, a slashing cross-examination may carry strong accusations of misconduct and bad character, which the witness's denial will not remove from the jury's mind. If the judge considers that fairness requires it, he may permit evidence of good character, a mild palliative for the rankle of insinuation by such cross-examination.

Corrupt conduct of a witness of a sort to show bias should also seemingly be regarded as including an attack on veracity-character and thus warranting character support, but impeachment for bias or interest by facts not involving corruption, such as proof of family relationship, may not be met by proof of good character for truth.

Attempts to support the witness by showing his good character for truth have resulted in contradictory conclusions when the witness has been impeached by evidence of an inconsistent statement, or has been met by the adversary's evidence denying the facts to which the witness has so testified. If the witness has been impeached by the introduction of an inconsistent statement, the greater number of courts permit a showing of his good character for truth, but if the adversary has merely introduced evidence denying the facts to which the witness testified, the greater number of cases will not permit a showing of the witness's good character for truth. Convenient as automatic answers to these seemingly minor trial questions may be, surely it is unrealistic to handle them in a mechanical fashion. A more sensible view is the notion that the judge should consider in each case whether a particular impeachment for inconsistency or a conflict in testimony, or either of them, amounts in net effect to an attack on character for truth and should exercise his discretion accordingly to admit or exclude the character-support.

McCormick, Evidence, *supra*, § 47, at 174–176 (footnotes omitted).

In Pennsylvania, the decided cases have allowed evidence of a witness's good reputation for truth and veracity only in instances in which the witness was impeached by evidence of a bad reputation for truth and veracity. However, in *Commonwealth v. Ford*, 199 Pa.Super. 102, 184 A.2d 401 (1962), the Superior Court implied that a witness's good reputation for truth and veracity may be received, in the discretion of the trial court, where the witness has been impeached by evidence of prior felony convictions. The Court said:

> "The extent to which a witness may be rehabilitated after his credibility is attacked by showing that he has been convicted of a felony is a matter in which the trial judge has, and must have, wide control."

*Id.* at 109, 184 A.2d at 404–405, quoting *Bank of America National Trust and Savings Ass'n v. Rocco*, 241 F.2d 455, 459 (1957). No appellate court decision in this Commonwealth has thus far allowed evidence of a witness's good reputation for truth and veracity following evidence of a prior inconsistent statement or because of a severe cross-examination. Nevertheless, it may be advisable, as McCormick and the Superior Court have suggested, to vest a broad discretion in the trial court with respect to the circumstances under which such evidence will be received.

In the instant case, the defendant was not impeached by evidence of a bad reputation for truth and veracity or by evidence of prior convictions. His testimony, however, was contradicted by evidence of facts introduced and relied upon by the Commonwealth, which argued that defendant had been deceptive in committing the crime of murder. Under these circumstances, as we have observed, no appellate court in this Commonwealth has ever approved the use of evidence that the witness bore a good reputation for truth and veracity.[2]

---

2. In *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (1981), the Supreme Court was not called upon to decide the admissibility of evidence of the defendant's reputation for honesty and peacefulness in a prosecution for murder. Rather, the issue presented in *Scott* was

██ The issue in the present appeal, however, is not whether the evidence of defendant's good reputation for truth and veracity would have been admissible if offered. The issue, rather, is whether defense counsel was constitutionally ineffective for failing to offer such evidence. In *Commonwealth v. Dunbar,* 503 Pa. 590, 470 A.2d 74 (1983), the Court said:

> "Before a claim of ineffectiveness can be sustained, it must be determined that, in light of all the alternatives available to counsel, the strategy actually employed was so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Miller,* 494 Pa. 229, 431 A.2d 233 (1981). We inquire whether counsel made an informed choice, which at the time the decision was made reasonably could have been considered to advance and protect defendant's interests. See *Commonwealth v. Hill,* 450 Pa. 477, 301 A.2d 587 (1973). Thus, counsel's assistance is deemed constitutionally effective once we are able to conclude the particular course chosen by counsel had some reasonable basis designated to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349 (1967).

*Id.* at 596, 470 A.2d at 77. See also: *Commonwealth v. Thuy,* 424 Pa.Super. 482, 487–488, 623 A.2d 327, 330 (1993); *Commonwealth v. Akers,* 392 Pa.Super. 170, 190, 572 A.2d 746, 756 (1990). Counsel will not be found ineffective for failing to do a useless act. *Commonwealth v. Pursell,* 508 Pa. 212, 224, 495 A.2d 183, 189 (1985); *Commonwealth v. Thomas,* 372 Pa.Super. 349, 353, 539 A.2d 829, 831 (1988).

whether the trial court erred when it ruled that the defendant's proposed character witnesses could be cross-examined about two prior arrests of the defendant, neither of which led to a conviction. The Supreme Court held that the trial court's ruling had been erroneous. However, the Court's suggestion that the defendant had made a convincing argument that the character evidence was essential to his defense was merely dictum. The Court in *Scott* did not consider the admissibility of such evidence, and, indeed, the defendant had been deterred from offering such evidence at his trial by the trial court's erroneous ruling.

■ After careful consideration, we conclude that defense counsel cannot be deemed constitutionally ineffective for failing to offer evidence of his client's good reputation for truth and veracity. As we have observed, defendant's reputation for truth and veracity had not been attacked by evidence of a bad reputation or by evidence of prior convictions of offenses crimen falsi. Under such circumstances, the admissibility of his good reputation for truth and veracity was not supported by precedent. Indeed, under the present state of the law, evidence of defendant's good reputation for truth and veracity was inadmissible to bolster the credibility of his testimony. When the trial court held defense counsel ineffective for failing to offer such evidence, therefore, it erred.

The order awarding a new trial is reversed, and the verdict of the jury is reinstated. The case is remanded to the trial court for the imposition of sentence. Jurisdiction is not retained meanwhile.

HUDOCK, J., files a Concurring Statement.

HUDOCK, Judge, concurring:

I concur in the result. Since the issue of bolstering the credibility of a criminal defendant by use of reputation evidence arises in the context of an ineffectiveness of counsel claim, and since the precedent in Pennsylvania to support the introduction of such evidence is unclear, at best, counsel cannot be faulted for not proffering this evidence.

In the proper context, however, I would have no difficulty allowing the use of such reputation evidence. Where, as here, a defendant who testifies is subjected to cross-examination and argument which directly attacks his veracity, as opposed to his recollection, powers of observation, etc., I would permit him to introduce reputation evidence of truthfulness and veracity. In the prosecutor's opening statement, he stated:

I'm going to give you a quote from Shakespeare which goes: Oh what a tangled web we weave when others we try to deceive ... *What the defendant told the detective could not have occurred.* (emphasis added)

(N.T. 7/11/89, p. 26) Certainly this is a direct attack on Appellant's veracity.

While it may be true, as the majority asserts, that no appellate court decision in this Commonwealth has thus far allowed evidence of a witnesses' good reputation for truth and veracity following an attack of this nature, I would not find that a bar to so hold in an appropriate case. It seems to me peculiar that when a defendant's credibility must be judged by a jury of twelve strangers, they are not permitted to learn what those who know him best know.

Federal Rule of Evidence 608 provides that the credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation when the character of the witness for truthfulness has been attacked "by opinion or reputation evidence *or otherwise.*" (emphasis added) The phrase "or otherwise" presumably would include attacks on a defendant's veracity by scathing cross-examination or by the type of argument made by the prosecutor in this case. Section 608(a) of the proposed Pennsylvania Code of Evidence, Senate Bill No. 176, Session of 1993, contains an identical provision, and thus may resolve the question for the future.