672 A.2d 810

**COMMONWEALTH of Pennsylvania**

v.

**Aaron BOYD, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1995.

Filed March 5, 1996.

Peter Rosalsky, Philadelphia, for appellant.

Mary Porto, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a September 27, 1994 judgment of sentence for possession of cocaine with intent to deliver.[1] Appellant, Aaron Boyd, raises the following issue for our review:

DID NOT THE TRIAL COURT ERR IN PRECLUDING APPELLANT FROM PRESENTING TESTIMONY AS TO HIS GOOD REPUTATION FOR TRUTH AND VE-

1. 35 Pa.C.S. § 780–113(a)(30).

RACITY TO ESTABLISH HIS CREDIBILITY AS A TESTIFYING WITNESS, WHERE APPELLANT AND A COMMONWEALTH POLICE WITNESS TESTIFIED TO SHARPLY CONTRADICTORY AND IRRECONCILABLE VERSIONS OF THE UNDERLYING EPISODE?

Appellant's Brief at 3. For the following reasons, we affirm.

On August 11, 1993, at approximately 2:30 p.m., Officer Gregory Kapusta was conducting a surveillance operation on the 200 block of Shedaker Street in Philadelphia. Through binoculars, Officer Kapusta observed appellant sit down at a table where a group of men were playing cards. Appellant did not participate in the card game. Subsequently, a woman approached appellant and handed him currency, and appellant handed her small shiny objects in return. Appellant then walked across the street and stood in front of the "239 Bar," where he engaged in an identical transaction with another man. Appellant then returned to the card table. Thereafter, another man at the card table informed appellant that "the man is looking." After hearing this, appellant stood up and started walking away. While walking, appellant reached into his pants, pulled out a brown paper wrapper, and placed it in the weeds. Officer Kapusta alerted his backup unit, and Officer Kenneth Fleming located and opened the brown paper wrapper, which contained forty-five (45) plastic vials with purple caps containing a chunky off-white substance, later determined to be crack cocaine. Officer James Wood then arrested appellant and found eighty-one ($81.00) dollars in his pocket but no vials.

Appellant was tried by a jury before the Honorable Howland A. Abramson. At trial, appellant testified that he did not possess, sell, or discard any drugs on the date in question. Appellant maintained that he arrived at the card table, watched for fifteen minutes, and then entered a black-jack game, in which he won the $81.00 found in his pocket. However, appellant denied ever sitting down at the card table. Appellant also testified that, during his game, Rodney Jackson, a friend, arrived and asked appellant if he wanted to get some beer. Appellant then accompanied Mr. Jackson to the

"239 Bar" across the street from the card table, where they purchased beer and stood on the corner drinking it until the police arrested appellant. Mr. Jackson and Arthur Evans, another defense witness, corroborated appellant's version of events. At trial, appellant sought to bolster his credibility by offering evidence of his good reputation for truth and veracity in his community, but the trial court excluded this evidence. The jury found appellant guilty of possession of cocaine with intent to deliver, and after post-verdict motions were denied, appellant was sentenced to eighteen (18) to forty-six (46) months imprisonment to be followed by four (4) years probation. This timely appeal followed.

▪ Appellant contends that the trial court erred in precluding him from offering evidence of his reputation for truthfulness.

▪ The admissibility of evidence is within the discretion of the trial court, and we will not reverse evidentiary rulings absent an abuse of that discretion. *Commonwealth v. Tedford*, 523 Pa. 305, 328–29, 567 A.2d 610, 621 (1989).

▪ Under Pennsylvania law, a witness may be impeached by demonstrating that he or she has a bad reputation for truth and veracity, and evidence of a witness's bad reputation for truth and veracity is always admissible. *Commonwealth v. Butler*, 423 Pa.Super. 472, 478, 621 A.2d 630, 632–33 (1993), *appeal denied*, 535 Pa. 613, 629 A.2d 1376 (1993). Furthermore, this Court has stated that:

> If a witness is impeached by proof of bad reputation for truth and veracity, evidence may then be admitted to prove good reputation for truth and veracity. Bolstering evidence, however, is not admissible unless the character of the witness has first been attacked, and even then, only at the court's discretion.

*Commonwealth v. Smith*, 389 Pa.Super. 626, 630, 567 A.2d 1080, 1082 (1989) (citations omitted), *appeal denied*, 527 Pa. 623, 592 A.2d 44 (1990).

Essentially, appellant claims that the Commonwealth's witnesses' testimony about the events that led to his arrest amounted to an attack on his character for truthfulness because their testimony directly contradicted his testimony about his actions the day of his arrest. Accordingly, appellant argues that he should be allowed to bolster his credibility by introducing evidence of his good reputation for truth and veracity.

Although this Court has never directly ruled on this issue, we recently addressed this subject under an ineffective assistance of counsel claim in *Commonwealth v. Fowler*, 434 Pa.Super. 148, 642 A.2d 517 (1994), *appeal denied*, 539 Pa. 688, 653 A.2d 1227 (1994). In *Fowler*, the trial court granted the defendant a new trial because the court found that his attorney was ineffective for failing to call an available witness to testify to the defendant's reputation for truthfulness. At trial, the defendant was not impeached by evidence of his poor reputation for truth and veracity; however, the defendant's testimony was contradicted by facts and testimony introduced by the Commonwealth. Under these circumstances, we found that evidence of the defendant's good reputation for truth and veracity was inadmissible, and held that counsel was not ineffective for failing to call the witness, reversing the trial court. *Fowler*, 434 Pa.Super. at 154, 642 A.2d at 519.

Similarly, in the instant case, the Commonwealth did not attack appellant's reputation for truth and veracity but instead merely offered witness testimony which directly contradicted appellant's testimony about the events that led to his arrest. In this situation, evidence of appellant's good reputation for truth and veracity was inadmissible at trial. *See Fowler, supra.* It is within the ordinary capacity of a jury to assess whether a particular witness is lying, and resolving questions of a witness's credibility is a function reserved exclusively for the jury. *Commonwealth v. Davis*, 518 Pa. 77, 82, 541 A.2d 315, 317 (1988); *Smith*, 389 Pa.Super. at 631–32, 567 A.2d at 1083. Allowing a defendant to offer bolstering evidence of his or her good reputation for truth and veracity whenever the defendant's testimony contradicts the testimony

of the Commonwealth's witnesses would infringe on the credibility determining function of the jury. See *Davis, supra; Smith, supra.* Therefore, we find that the trial court did not abuse its discretion by denying appellant the opportunity to introduce evidence of his reputation for truthfulness.

Accordingly, we affirm the judgment of sentence.

Affirmed.

McEWEN, J., dissents.