**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Lynwood HARRIS, a/k/a, Louis**
**Harris, Appellant.**

Superior Court of Pennsylvania.

Submitted June 25, 2001.

Filed Oct. 10, 2001.

Reargument Denied Dec. 18, 2001.

---

Christine M. Selden, Pittsburgh, for appellant.

Michael W. Streily, Asst. Dist. Atty., Pittsburgh, for Com.

Before: DEL SOLE, President Judge, McEWEN, President Judge Emeritus, and POPOVICH, J.

DEL SOLE, President Judge.

¶ 1 Lynwood Harris appeals from the judgment of sentence entered against him. Upon review, we reverse.

¶ 2 The facts of this case can be summarized as follows. Donald Bearly was found shot to death. Appellant and a co-defendant, Daniel Ford, were charged with murder and robbery in connection with Bearly's death. The Commonwealth attempted to prove that Appellant shot Bearly because Bearly owed money for drugs. After the Commonwealth presented its case, the trial court granted a motion for acquittal of all charges against Daniel Ford.

¶ 3 After the jury trial, Appellant was convicted of third degree murder. Trial counsel appeared at the sentencing hearing with Appellant and at that time made an oral motion for extraordinary relief, alleging his own ineffectiveness and requesting that Appellant be granted a new trial. The trial court denied this motion. Sentencing Transcript, 3/10/00, at 13. Appellant was sentenced to a term of incarceration of 10 to 20 years.

¶ 4 Appellant did not file post-sentence motions. A timely notice of appeal from the judgment of sentence was filed. Appellant complied with the trial court's order and filed a concise statement of matters to be raised on appeal pursuant to Pa.R.A.P.1925(b). The trial court filed an opinion. In that opinion, the trial court agreed with Appellant's first claim raised in his concise statement of matters complained of on appeal that, based on trial counsel's ineffectiveness, Appellant should be granted a new trial.

¶ 5 We agree with the trial court's determination that Appellant should be granted a new trial. Trial counsel's failure to call character witnesses during trial amounted to ineffective assistance.

¶ 6 Our standard in reviewing claims of ineffective assistance of counsel is well settled.

> The threshold inquiry ... is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be ineffective for failing to assert a meritless claim. Once this threshold is met[,] we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course[,] then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice. The burden of establishing counsel's ineffectiveness is on the appellant because counsel's stewardship of the trial is presumptively effective.

*Commonwealth v. Wilson*, 543 Pa. 429, 672 A.2d 293, 298 (1996), *cert. denied*, 519 U.S. 951, 117 S.Ct. 364, 136 L.Ed.2d 255 (1996) (citation and quotation marks omitted). To meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a reasonable probability that but for the act or omission in question the outcome of the proceedings would have been different. *Commonwealth v. Wallace*, 555 Pa. 397, 724 A.2d 916, 921 (1999).

¶ 7 Failure to present available character witnesses may constitute ineffective assistance of counsel. *See Commonwealth v. Weiss*, 530 Pa. 1, 606 A.2d 439 (1992); *Commonwealth v. Gillespie*, 423 Pa.Super. 128, 620 A.2d 1143 (1993). Our Court has stated: "It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law

is permitted to introduce evidence of his good reputation in any respect which has 'proper relation to the subject matter' of the charge at issue." *Commonwealth v. Luther*, 317 Pa.Super. 41, 463 A.2d 1073, 1077 (1983). Evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all the evidence presented in the case on the general issue of guilt or innocence. *Id.* Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. *Id.* In a case where the crime charged is one of violence, evidence of reputation for non-violent behavior is admissible. *See Commonwealth v. Luther*, 317 Pa.Super. 41, 463 A.2d 1073 (1983).

¶ 8 Furthermore, in a case where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility. *Commonwealth v. Weiss*, 530 Pa. 1, 606 A.2d 439, 442 (1992). Evidence of good character is substantive, not mere makeweight evidence, and may, in and of itself, create a reasonable doubt of guilt and, thus, require a verdict of not guilty. *Id.*

¶ 9 In the case *sub judice*, Appellant alleges that counsel was ineffective for failing to introduce evidence of his character for being a truthful and non-violent person. Appellant contends that he and his mother informed trial counsel of the names and addresses of witnesses who could testify as to his character. Affidavits provided by various individuals indicate their availability and willingness to have testified as character witnesses and provide that prior to trial they informed

Appellant and/or Appellant's family members of this fact. During the sentencing hearing, counsel informed the trial court that he was derelict in failing to call these witnesses.

¶ 10 This character testimony was appropriate. Appellant was convicted of third degree murder, a crime of violence. Therefore testimony regarding his non-violent personality was relevant. Additionally, throughout trial it was Appellant's word versus two Commonwealth witnesses whose stories were inconsistent. Accordingly, character testimony regarding his reputation for truthfulness was also relevant as it concerns credibility.

¶ 11 Credibility of the witnesses in this case is of paramount importance. Appellant testified that he did not kill the victim, and that he did not even know the victim. The Commonwealth did not present any witness who actually saw the shooting take place. The Commonwealth presented two witnesses in an attempt to establish Appellant's participation in the crime. The testimony of these witnesses conflicted. The trial court summarized the testimony of the two witnesses as follows:

... Paula Caliguiri testified that on December 27, 1997, sometime after midnight, the defendant accompanied her while she was working as a prostitute. After a while, the defendant became involved in a drug transaction with a white male. She testified that the defendant and this white male walked away from her. About five minutes later, she heard gunshots, and the defendant reappeared and told her to leave with him. She also testified that the defendant told her he had shot someone but was not sure if they were alive or dead.

Amber Christina was the only other Commonwealth witness who testified that she saw the defendant in the vicinity of the shooting on the night in question. She testified that on December 27, 1997, at approximately 1:00 a.m., she heard the defendant arguing about money owed to him with another person in the alley behind her house. She knew it was the defendant because she had spoken to him about 45 minutes earlier. She heard Daniel Ford say, "Put the gun away." "it's not worth it," and heard a third voice say, "Please don't shoot me." She then heard gunshots and started to run into the alleyway, but backed up when she saw the defendant and Daniel Ford leaving the alley, with the victim on the ground.

Trial Court Opinion, 8/24/00, at 2.

¶ 12 In this case, it was Appellant's word against the two Commonwealth witnesses. The stories of the Commonwealth witnesses conflicted and there was evidence that the stories may have been influenced by factors other than an oath to tell the truth. Therefore, evidence of Appellant's character was critical and would serve as substantive evidence and could create a reasonable doubt of guilt. Thus, in addressing Appellant's claim of ineffective assistance of counsel, we find Appellant's claim to be of arguable merit.

¶ 13 Because there is arguable merit to the claim of ineffectiveness, we proceed to a study of whether there was any reasonable basis for the failure of trial counsel to present character testimony. During the sentencing hearing, trial counsel asserted his own ineffectiveness for failing to call these character witnesses during Appellant's trial. Trial counsel stated: "I'm telling the Court, I didn't have a strategic reason for failing to introduce this character testimony." Sentencing Transcript, 3/10/00, at 9. As counsel has stated that he had no strategic reason for not calling these witnesses, we need not further weigh the matter. Thus, we conclude that coun-

sel had no strategic reason for failing to call these witnesses.

¶ 14 We must next determine whether Appellant was prejudiced by this failure. Our Supreme Court stated in *Commonwealth v. Weiss,* 530 Pa. 1, 606 A.2d 439 (1992), that character evidence is vital to the jury's determination of credibility, and that by creating a reasonable doubt, that evidence may produce acquittal. Thus, the lack of character evidence likely prejudiced Appellant.

¶ 15 The Commonwealth asserts that this claim lacks merit as this character evidence should not have been permitted because Appellant's reputation for truthfulness had not been attacked. The Commonwealth cites several cases, including *Commonwealth v. Fowler,* 434 Pa.Super. 148, 642 A.2d 517 (1994) and *Commonwealth v. Boyd,* 448 Pa.Super. 589, 672 A.2d 810 (1996), which provide that evidence in support of the general reputation of a witness for truth and veracity is not competent until his or her general reputation has been assailed. These holdings are based on Pa.R.E. 608. Rule 608 provides, in pertinent part, as follows:

Rule 608. Evidence of Character and Conduct of Witness

(a) Reputation Evidence of Character

The credibility of a witness may be attacked or supported by evidence in the form of reputation as to character, but subject to the following limitations:

(1) the evidence may refer only to character for truthfulness or untruthfulness; and

(2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by reputation evidence or otherwise.

Pa.R.E. 608

¶ 16 The reputation evidence contemplated by these cases is evidence used for purposes of impeaching a witness. The cases cited by the Commonwealth deal with impeachment of witnesses' testimony. The character evidence sought to be introduced by Appellant in this case, however, is substantive evidence of his reputation for truthfulness and non-violence, traits relevant to the crime for which Appellant was being tried, and he is entitled to admission of this evidence pursuant to Pa. R.E. 404.[1]

¶ 17 In conclusion, we hold that Appellant's claim is of arguable merit, trial counsel had no reasonable basis or strategy for his inaction, and Appellant was prejudiced by counsel's failure to call character witnesses. Accordingly, we must reverse the judgment of sentence and remand for a new trial.[2]

¶ 18 Judgment of sentence reversed. Case remanded. Jurisdiction relinquished.

---

1. In *Commonwealth v. Fowler,* the court explicitly stated that the issue before them was not counsel's strategy in failing to produce evidence of a character trait relevant to the crime for which appellant was being tried. *Fowler,* 642 A.2d at 517.

2. Due to our resolution of this issue, we need not address the additional issues raised by Appellant.