J-S14025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAMON LUIS JUSINO, JR., | |
| Appellant | No. 1376 MDA 2016 |

Appeal from the Judgment of Sentence May 10, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000848-2015

BEFORE: GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 12, 2017**

Appellant, Ramon Luis Jusino, Jr., appeals from the judgment of sentence entered following multiple convictions stemming from illegal sexual contact he had with his daughter. We affirm.

The trial court summarized the procedural history of this case as follows:

> On January 27, 2016, after a four day jury trial, [Appellant] was convicted of one count of rape of a child,[1] two counts of involuntary deviate sexual intercourse with a child,[2] one count of unlawful contact with a minor,[3] one count of corruption of minors,[4] one count of incest of a minor[5] and one count of indecent assault.[6]
>
> [1] 18 Pa.C.S. § 3121(c).

---

[*] Retired Senior Judge assigned to the Superior Court.

<sup></sup>² 18 Pa.C.S. § 3123(b).

³ 18 Pa.C.S. § 6318(a)(1).

⁴ 18 Pa.C.S. § 6301(a)(1)(ii).

⁵ 18 Pa.C.S. § 4302(b)(1).

⁶ 18 Pa.C.S. § 3126(a)(7).

On May 10, 2016, after a presentence investigation, [Appellant] was sentenced to an aggregate term of 31 to 70 years incarceration.

On May 20, 2016, [Appellant] filed his motion to reconsider sentence. On July 12, 2016, [Appellant] filed an amended motion to reconsider sentence. The motion was granted, and on August 5, 2016, [Appellant's] sentence was modified to an aggregate term of 22 to 50 years incarceration.

[Appellant] filed his notice of appeal on August 12, 2016. After being granted an extension of time, [Appellant] filed his statement of errors complained of on appeal on September 23, 2016.

Trial Court Opinion, 10/5/16, at 1-2 (internal citations omitted). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review:

A. Whether the lower court erred when it overruled [Appellant's] objection and found that the victim, A.H. was competent to testify at trial?

B. Whether the lower court erred in sustaining the Commonwealth's objection and terminating counsel's cross-examination which was attacking the credibility of the alleged victim?

C. Whether the lower court committed an abuse of discretion when it imposed an aggregate sentence of not less than 22 nor more than 50 years which was manifestly excessive and unduly harsh?

- 2 -

Appellant's Brief at 7 (full capitalization omitted).

Appellant first argues that the trial court erred when it allowed the victim, A.H., to testify at trial. Appellant's Brief at 21. Appellant asserts that the alleged victim failed all three prongs of the test used in determining competency of a minor witness. *Id.* at 21-23.

"The determination of a witness's competency rests within the sound discretion of the trial court." *Commonwealth v. Judd*, 897 A.2d 1224, 1228 (Pa. Super. 2006). "The decision of the trial court will not be disturbed absent a clear abuse of that discretion; consequently, as the Superior Court has previously observed, 'our standard of review of rulings on the competency of witnesses is very limited indeed.'" *Id.*

In Pennsylvania, the general rule is that every witness is presumed to be competent to be a witness. *Commonwealth v. Delbridge*, 855 A.2d 27, 39 (Pa. 2003); Pa.R.E. 601(a). However, young children must be examined for competency pursuant to the following test:

> There must be (1) such capacity to communicate, including as it does both an ability to understand questions and to frame and express intelligent answers, (2) mental capacity to observe the occurrence itself and the capacity of remembering *what it is* that she is called to testify about and (3) a consciousness of the duty to speak the truth.

*Delbridge*, 855 A.2d at 39 (quoting *Rosche v. McCoy*, 156 A.2d 307, 310 (Pa. 1959)) (emphasis in original). A competency hearing is centered on the inquiry into "the minimal capacity of the witness to communicate, to observe

an event and accurately recall that observation, and to understand the necessity to speak the truth." ***Id.*** at 40. Credibility is not an issue at a competency hearing. ***Id.***

In addressing the competency of A.H. to testify, the trial court provided the following analysis:

> The [c]ourt conducted a competency hearing outside the jury's presence on the first day of trial to assess the minor victim's capacity to testify. As part of this hearing, the [c]ourt, as well as the assistant district attorney and defense counsel, questioned the child. The child knew her date of birth, her grade in school at the time of the event, where the event had taken place, and what had been done to her. She knew the difference between things that were true and things that were made up, and the difference between the truth and a lie. She also understood what happens if one lies and that one should not lie. At the end of the hearing, the [c]ourt asked "are you going to be able to tell us what happened when you lived at your father's house?" to which the child responded affirmatively.
>
> In responding to defense counsel's argument that the child was incompetent to testify because she was unable to provide an accurate time frame and failed to answer questions by saying "I don't remember, I don't want to remember. . . ," the [c]ourt said
>
> > Well, my concern is that the child appears more to be unwilling to testify rather than unable to testify. I don't see much of a problem with the time frame. At her age she indicated she may have been between four and six, but she was able to say she was in first grade, which was consistent with the time frame we have now. . . . I did observe her very carefully while she was on the witness stand. She was constantly wringing her hands, constantly making furtive glances over to [Appellant]. And when she would indicate that she forgot various things that occurred, quite candidly, I do not believe she forgot, I believe she simply did not want to testify about what had occurred. . . . She does understand the difference between telling the truth and telling a lie. She does

- 4 -

understand the difference between something that is make believe and something that occurred. The issue with respect to her ability to recall events that happened to her, again, I don't think the record shows she is unable to do that, it is more she is unwilling to do that.

In addressing the child's ability to answer questions, the [c]ourt further observed that when she was questioned by the assistant district attorney and defense counsel, who stood at the edge of the jury box so the child was not looking at [Appellant],

she focused her attention on you, she was able to give much more responsive answers than when I spoke to her and she was constantly looking over at [Appellant]. And the more she would look over at him, the more she would wring her hands . . . I don't have a great deal of concern with the matter you raised about her responses to the questions because when she kept saying I forgot or I don't know I think she was just hoping that the whole thing would go away and she wouldn't have to respond.

Ultimately, observing that there is a difference between being unwilling to testify and being incompetent to testify, the [c]ourt concluded that the question was not one of the child's competence to testify but, because of either the subject matter or [Appellant's] identity, her willingness to do so. Having questioned the child and having observed her as she was questioned by both the assistant district attorney and defense counsel, the [c]ourt did not abuse its discretion in determining that the child was competent to testify, or in overruling defense counsel's objection to her competency.

Trial Court Opinion, 10/5/16, at 6-8 (internal citations omitted).

The trial court's analysis is supported by the record. Based on the certified record, we agree with the trial court's conclusion that A.H. was competent to testify and met the three prongs of the competency test for minors. *Delbridge*, 855 A.2d at 40. As the trial court aptly recognized,

A.H.'s hesitation to testify against her father, as reflected throughout the competency hearing, did not compel the conclusion that she was not competent to testify. Thus, the trial court did not abuse its discretion by concluding that A.H. was competent to testify. Appellant's first claim fails.

In his second issue, Appellant asserts that the trial court erred in sustaining the Commonwealth's objection and terminating counsel's cross-examination of the prosecuting police officer. Appellant's Brief at 23. Appellant asserts that defense counsel was attempting to develop during his examination of the officer that the victim's recollection could be called into question due to her immaturity. *Id.* at 23. Appellant posits that while the trial court found A.H. competent to testify, it does not mean that her testimony had to be believed. *Id.* at 24. Appellant argues that counsel had a right to cross-examine the police officer, who observed various interviews of the victim, in order to develop the record concerning her immaturity. *Id.* at 24. Appellant maintains that by sustaining the Commonwealth's objection, the trial court unfairly limited Appellant's right to cross-examine and impeach and thereby committed a manifest abuse of discretion. *Id.* at 24.

"The scope of cross-examination is a matter left to the sound discretion of the trial court, and the trial court's rulings will not be disturbed absent an abuse of discretion." *Commonwealth v. Boczkowski*, 846 A.2d 75, 96 (Pa. 2004). Additionally, "[i]t is within the ordinary capacity of a jury

to assess whether a particular witness is lying, and resolving questions of a witness's credibility is a function reserved exclusively for the jury." *Commonwealth v. Boyd*, 672 A.2d 810, 812 (Pa. Super. 1996).

> The veracity of a particular witness is a question which must be answered in reliance on the ordinary experiences of life, common knowledge of the natural tendencies of human nature, and observations of the character and demeanor of the witness. As the phenomenon of lying is within the ordinary capacity of jurors to assess, the question of a witness's credibility is reserved exclusively for the jury.

*Commonwealth v. Alicia*, 92 A.3d 753, 761 (Pa. 2014) (quoting *Commonwealth v. Davis*, 541 A.2d 315, 317 (Pa. 1988). Moreover, our Supreme Court explained that: "[w]e have consistently maintained that a lay jury is capable of determining whether a witness is lying, and thus expert testimony is not permissible as to the question of witness credibility." *Alicia*, 92 A.3d at 760. "Under Pennsylvania law, only evidence of a general reputation for truthfulness in the community is admissible as character testimony. Thus, an individual's opinion as to a witness's 'character for truthfulness,' no matter how well the individual knows the witness, is never admissible in this Commonwealth." *Commonwealth v. Smith*, 567 A.2d 1080, 1082 (Pa. Super. 1989) (internal citations omitted).

In *Smith*, the Commonwealth presented at trial the testimony of a family therapist regarding the truth-telling ability of the seven-year-old victim of indecent exposure and corruption of minors. *Smith*, 567 A.2d at 1081. This Court found that the appellant's counsel erred in failing to object

to the introduction of this testimony. *Id.* at 1082. This Court concluded that "[b]y testifying as to the child's character for telling the truth, the Commonwealth witness usurped the credibility-determining function of the jury. This infringement upon the jury's sacred domain prejudiced Smith because the credibility of the alleged victim was the linchpin of the Commonwealth's case." *Id.* at 1083. In support of this conclusion, we explained:

> We find it unwise to create an exception to the credibility-determining function of the jury in a case in which an alleged child/victim testifies. We do not dispute that an alleged child/victim of sexual abuse should have the opportunity to take the witness stand and tell his or her story. The competency considerations for child witnesses, repeatedly articulated in Pennsylvania, are designed to allow a child witness to testify merely if the child has the capacity to have observed the event giving rise to the litigation with a substantial degree of accuracy, can remember the event giving rise to the litigation, has the ability to understand questions and communicate answers, and has a consciousness of the duty to speak the truth. Furthermore, child witnesses, like all witnesses, are presumed competent to testify. From this testimony, the jury, doubtlessly taking into consideration the youth of the witness, can make a determination as to the veracity of the testimony and the credibility of the witness. We find improper, on the other hand, a situation in which an expert witness, or any witness for that matter, takes the witness stand and under the guise of "rehabilitation" proceeds to testify as to the credibility of the child/witness. To allow such testimony is to permit the unlawful usurpation of the credibility-finding function of the jury. This strikes at the heart of our system of justice.

*Id.* The panel further noted that "[w]e would have reached our conclusion at bar if any Commonwealth witness presumed to give his or her personal opinion as to the veracity of another witness[.]" *Id.*

In this case, defense counsel questioned the investigating officer, Lancaster City Detective Gareth Lowe, as to his opinion on the recollection of the minor victim. The following exchange occurred between defense counsel and Detective Lowe during cross-examination:

> [Defense Counsel]: The child also did state that she was about four or five years old as well [at the time of the abuse]?
>
> [Detective Lowe]: She is nine years old when she took the stand here, Counselor.
>
> [Defense Counsel]: Right.
>
> [Detective Lowe]: She is nine years old and I'm sure that her recollection of how old she was when her dad was doing these things to her, probably, she doesn't remember how old she was.
>
> [Defense Counsel]: But her recollection can be in question because of her age?

N.T., 1/26/17, at 205. The prosecutor objected, stating: "Objection, Your Honor. Her testimony speaks for itself. She told the jury what grade she was in, her age, that's for the jury to consider." *Id.* at 205. The trial court sustained the objection and issued the following curative instruction:

> Ladies and gentlemen, as I told you before and I will tell you again in my final instructions, you are free to believe all, part, or none of the testimony of any witness. Your opinion is the only one that counts in this case. You will have to evaluate all of the testimony of the witnesses, using your common sense and human experience. You have to evaluate the child's testimony, bearing in mind that she is nine years old at the time she got on the stand, she is talking about events that happened in the past. If you find her recitation is not reliable for any reason then you are free to disregard her testimony in its entirety, if you wish.

- 9 -

On the other hand, if you find that her testimony is reliable, then you are free to consider it. That is entirely up to you. The lawyers are not here to tell you what to think or what to believe, that is your responsibility and yours alone. I am not here to tell you what to think or what to do, again, it is your responsibility and yours alone.

N.T., 1/26/17, at 205-206.

The sought-after testimony from Detective Lowe constituted an impermissible attempt to usurp the jury's role as the exclusive arbiter of credibility. Thus, the trial court properly sustained the Commonwealth's objection and prohibited this line of questioning of Detective Lowe on cross-examination. Accordingly, the trial court did not abuse its discretion in sustaining this objection, thereby limiting the cross-examination of Detective Lowe. Appellant's second issue lacks merit.

In his final issue, Appellant argues that the trial court committed an abuse of discretion when it imposed an aggregate sentence of not less than twenty-two nor more than fifty years, which was manifestly excessive and unduly harsh. Appellant's Brief at 24. Appellant asserts that he has a documented history of mental health issues, was the product of an abusive childhood, and had long term problems with drugs and alcohol. *Id.* at 26. Appellant further argues that "[d]espite the fact that [Appellant] only had one prior felony conviction, the [c]ourt saw fit to impose a sentence of not less than 22 years incarceration." *Id.* Appellant maintains that the sentence violated the Sentencing Code's language set forth in 42 Pa.C.S. §

- 10 -

9721(b) because it did not take into account Appellant's rehabilitative needs. *Id.* at 27. Appellant contends that his sentence should be reversed. *Id.*

Appellant's issue challenges the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only

when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant brought a timely appeal, raised the challenges in a post-sentence motion, and included in his appellate brief the necessary separate concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). In his Pa.R.A.P. 2119(f) statement, Appellant argues that the trial court's sentence is manifestly excessive and unduly harsh given Appellant's background and the circumstances of the offense. Appellant's Brief at 19-20. Appellant contends that the trial court focused exclusively on the serious nature of the offense and failed to consider the mitigating factors, specifically Appellant's rehabilitative needs. *Id.* at 20. Appellant also argues that the imposition of consecutive sentences resulting in the aggregate sentence of twenty-two to fifty years is

unduly harsh and manifestly excessive. *Id.* This Court has held that a challenge to the imposition of consecutive sentences as unduly excessive, together with a claim that the trial court failed to consider the defendant's rehabilitative needs upon fashioning its sentence, presents a substantial question. *Commonwealth v. Bonner*, 135 A.3d 592, 604 (Pa. Super. 2016). Because Appellant has presented a substantial question, we proceed with our analysis.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006). In this context, an abuse of discretion is not shown merely by an error in judgment. *Id.* Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision. *Id.*

> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Id.* Guided by these standards, we must determine whether the court abused its discretion by imposing a "manifestly excessive" sentence that constitutes "too severe a punishment." *Id.* Moreover, this Court has

explained that when the "sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171.

In addressing this claim, the trial court explained its reasoning in imposing Appellant's sentence as follows:

> Although the sentences imposed were not in the aggravated range, the [c]ourt stated the reasons for its sentence on the record and in [Appellant's] presence. The [c]ourt also identified the factors and materials considered in determining that sentence. In particular, the [c]ourt considered the presentence report noting [Appellant's] background, including his age, family background and upbringing, level of education, prior criminal record, history of substance abuse and substance abuse treatment, history of mental health issues and mental health treatment, and his employment history. The [c]ourt also considered the Sentencing Code and the sentencing guidelines, the circumstances of the offenses, the need to protect the public from such criminal conduct and [Appellant's] rehabilitative needs. While [Appellant] offered no comment, counsel spoke on his behalf and the [c]ourt took that into account as well as the position of the Commonwealth.

> The [c]ourt noted that [Appellant] was not amenable to supervision and had failed to comply with the requirements imposed as demonstrated by his five probation and parole violations, and that [Appellant] had not seriously pursued treatment for his substance abuse or mental health issues. The [c]ourt also considered an aggravating factor that [Appellant] had "violated the duty of care, protection and support" owed to the child victim.

> These were extremely serious offenses perpetrated on a defenseless child over a period of time. It is evident from the record that the [c]ourt adequately considered all relevant

- 14 -

information in fashioning [Appellant's] sentence.  Therefore, his claims that the court abused its discretion are without merit.

Trial Court Opinion, 10/5/16, at 4-5 (internal citations omitted).

As is reflected by the record, the trial court considered the protection of the public, the gravity of the offense in relation to its impact on the victim and community, and the rehabilitative needs of Appellant in sentencing Appellant.  *Fullin*, 892 A.2d at 847.  Accordingly, we conclude that the trial court did not abuse its discretion by imposing a manifestly excessive or unduly harsh sentence.

Moreover, the trial court had the benefit of a PSI.  Thus, we can assume the sentencing court was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors.  *Moury*, 992 A.2d at 171; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case.").  Accordingly, Appellant's argument that the trial court failed to consider mitigating evidence, specifically his need for rehabilitation, fails.  *See Moury*, 992 A.2d at 171; *Fowler*, 893 A.2d at 766.

Judgment of sentence affirmed.

Judge Strassburger joins the Memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2017