J-S22010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEON D. BODLE | |
| Appellant | No. 1234 MDA 2015 |

Appeal from the Order Entered June 26, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001997-2008
CP-41-CR-0002072-2008

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 20, 2016**

Appellant, Leon D. Bodle, appeals from the June 26, 2015 order, denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm based on the sound reasoning of the PCRA court's June 26, 2015, and September 18, 2015 opinions.

The PCRA court summarized in detail the procedural history of this case and the facts adduced at the March 17, 2014 evidentiary hearing on Appellant's petition, and we need not repeat that history in full here.  We note that Appellant filed a timely *pro se* PCRA petition on February 3, 2014.  Counsel was appointed and an amended and a supplemental amended PCRA

_____

[*] Retired Senior Judge assigned to the Superior Court.

petition were subsequently filed. On March 17, 2014, the PCRA court held a hearing to address Appellant's ineffective assistance of counsel claims, based on counsel's alleged failure to call certain witnesses at trial. In a written opinion and order filed June 26, 2015, the PCRA court denied Appellant's PCRA petition on its merits. Appellant filed a timely notice of appeal on July 20, 2015.[1]

On appeal, Appellant raises the following issues for our review.

> I. Did the [PCRA] Court err in precluding Karen Bodle from testifying to specific acts which were reiterated to her by parents and teachers of community [sic] to illustrate the [Appellant's] good reputation in the community[?]
>
> II. Did the [PCRA] Court err in finding that failing to put any evidence on the record including Ronald Weigle's testimony of [Appellant's] good character in the community was not ineffective assistance of counsel[?]

Appellant's Brief at 4.[2]

We first address an issue raised by the PCRA court in its September 18, 2015 opinion, wherein it opined that Appellant's Rule 1925(b) statement

---

[1] Appellant and the PCRA court have procedurally complied with Pennsylvania Rule of Appellate Procedure 1925. We discuss Appellant's substantive compliance with the Rule *infra*. The PCRA court's September 18, 2015 Rule 1925(a) opinion incorporated and expanded on its June 26, 2015 opinion, which accompanied its dismissal order.

[2] The Commonwealth has not filed a brief in this appeal.

was too vague and that the issues raised therein were subsequently waived. PCRA Court Opinion, 9/18/15, at 1 n.1.

> [G]enerally [] issues not raised in a Rule 1925(b) statement will be deemed waived for review. An appellant's concise statement must properly specify the error to be addressed on appeal. In other words, the Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal. [A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all. The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. Thus, if a concise statement is too vague, the court may find waiver.

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011) (internal quotation marks and citations omitted), *appeal denied*, 32 A.3d 1275 (Pa. 2011). "One of the main purposes of the waiver doctrine is to ensure that the appellate court is provided with the benefit of the trial court's reasoning." *Commonwealth v. Santiago*, 822 A.2d 716, 723 (Pa. Super. 2003), *appeal denied*, 843 A.2d 1237 (Pa. 2004), *cert. denied, Santiago v. Pennsylvania*, 542 U.S. 942 (2004). Thus, if the lower court authors a 1925(a) opinion that addresses an appellant's issue on appeal, allowing meaningful review, we will not find waiver. *Commonwealth v. Smith*, 955 A.2d 391, 393 (Pa. Super. 2008); *but see Commonwealth v. Lemon*, 804 A.2d 34, 38 (Pa. Super. 2002) (concluding, "when an appellant fails to identify in a vague Pa.R.A.P.1925(b) statement the specific issue he/she

wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P.1925(a) opinion").

Instantly, Appellant's Rule 1925(b) statement included the following.

> 2. [Appellant] was denied the effective assistance of counsel as guaranteed by Article 1, § 9 of the Pennsylvania Constitution and the 6th and 14th Amendments of the United States Constitution, in that [trial counsel] failed to present testimony that would offset the weight of evidence offered by prosecution when [trial counsel] knew (1) that witness existed; (2) that witness was available; (3) that counsel was informed of existence of witness or should have known of witness's existence; (4) that witness was prepared to cooperate and would have testified on [Appellant's] behalf; and (5) that absence of testimony prejudiced [Appellant].
>
> 3. The [PCRA c]ourt erred in finding that there was no basis upon which to grant relief after an evidentiary hearing.

Concise Statement of Matter Complained of on Appeal, 12/12/15, at 1-2.

Turning to Appellant's first issue on appeal, we cannot overlook the complete absence of the issue from Appellant's Rule 1925(b) statement. In his first issue, Appellant challenges the evidentiary rulings of the PCRA court during the PCRA hearing relative to the testimony of Karen Bodle, who Appellant proffered as a character witness that trial counsel failed to call. Appellant's Rule 1925(b) statement in no way suggests a challenge to the PCRA court's evidentiary rulings and the PCRA court addresses those rulings

only tangentially, hampering our ability to review the issue. Accordingly, we deem Appellant's first issue waived.[3] *See Hansley*, *supra*.

Dealing next with Appellant's second issue, we conclude that, although it is broadly stated, the issue, that the PCRA court erred in determining the failure of trial counsel to call Weigle as a character witness at trial did not constitute ineffective assistance of counsel, was fairly suggested by Appellant's 1925(b) statement, and was fully addressed by the PCRA court in its June 26, 2015, and September 18, 2015 opinions. Accordingly, we do not conclude our review of that issue is hampered, and we decline to find waiver. *See Smith*, *supra*.

Our review of an order denying PCRA relief is guided by the following.

> Our standard of review of [an] order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa. Super. 2015) (citation omitted). We review the PCRA court's legal conclusions *de*

---

[3] The PCRA court discussed in detail its reasons for determining that Karen Bodle's testimony did not establish that she would be a viable character witness and for determining that trial counsel did explore the possibility of calling her as a witness, but ultimately deferred to Appellant's decision not to do so. PCRA Court Opinion, 6/26/15, at 12-14; PCRA Court Opinion, 9/18/15, at 2. Thus, even if Appellant's first issue was not waived, we would adopt the PCRA court's findings and analysis as an alternative basis for affirming.

*novo*.  ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014)

(citation omitted).

> In order to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in ***Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  In Pennsylvania, we have applied the ***Strickland*** test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different.  ***Commonwealth v. Pierce***, 567 Pa. 186, 786 A.2d 203, 213 (2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the ***Strickland*** test, the court may dismiss the claim on that basis.  ***Commonwealth v. Ali***, 608 Pa. 71, 10 A.3d 282, 291 (2010).
>
> To prevail on a claim that trial counsel was ineffective for failing to present a witness, the petitioner must prove that: (1) the witness existed; (2) counsel was either aware of or should have been aware of the witness's existence; (3) the witness was willing and able to cooperate on behalf of the defendant; and (4) the proposed testimony was necessary to avoid prejudice to the petitioner. ***Commonwealth v. Tharp***, 627 Pa. 673, 101 A.3d 736, 757 (2014).

***Commonwealth v. VanDivner***, 130 A.3d 676, 680 (Pa. 2015).  "A defense

counsel's failure to call a particular witness to testify does not constitute

ineffectiveness *per se.*" ***Commonwealth v. Johnson***, 27 A.3d 244, 247

(Pa. Super. 2011).  At issue is trial counsel's decision not to call certain

character witnesses at trial, which implicates the following additional considerations.

> As a general rule, evidence of a person's character may not be admitted to show that individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a). However, Pennsylvania Rule of Evidence 404(a)(1) provides an exception which allows a criminal defendant to offer evidence of his or her character traits which are pertinent to the crimes charged and allows the Commonwealth to rebut the same. Pa.R.E. 404(a)(1). This Court has further explained the limited purpose for which this evidence can be offered:
>
>> It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.
>>
>> It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, … is an independent factor which may of itself

engender reasonable doubt or produce a conclusion of innocence. **Evidence of good character offered by a defendant in a criminal prosecution must be limited to his *general reputation for the particular trait or traits of character* involved in the commission of the crime charged.** The cross-examination of such **witnesses** by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and **must be established by testimony of witnesses as to the *community opinion* of the individual in question, *not through specific acts* or mere rumor.**

> *Commonwealth v. Luther*, 317 Pa.Super. 41, 463 A.2d 1073, 1077–78 (1983) (citations omitted) (emphasis added).

*Id.* at 247-248.

Instantly, Appellant claims the PCRA court erred in failing to find trial counsel was ineffective based on the following.

[Appellant] asserts that after trial counsel was notified that Ronald Weigle could testify at trial as to [Appellant's] good character in the community and failed to call him, or any other witness, trial counsel's omission was *per se* ineffective assistance of counsel under ***Commonwealth v. Hull***[, 982 A.2d 1020 (Pa. Super. 2009)]. There could have been no legitimate purpose for trial counsel's omission and there was no evidence that his alternative strategy offered a potential of substantially greater success.

Appellant's Brief at 13.

The PCRA court, after a full hearing, determined that Appellant failed to meet his burden to show ineffective assistance of trial counsel in two

- 8 -

respects. First, the PCRA court determined that Weigle's evidence indicated he had little relevant knowledge at the time of trial and what he did offer would not constitute admissible character evidence as it was based on specific acts rather than general community reputation. PCRA Court Opinion, 6/26/15, at 14; PCRA Court Opinion, 9/18/15, at 2. Second, the PCRA court determined that trial counsel had a reasonable strategy for not calling character witnesses, having investigated Appellant's general reputation and discovered negative aspects, which could have been presented to the jury by the Commonwealth if the defense opened the door by putting character at issue. PCRA Court Opinion, 6/26/15, at 13-14; PCRA Court Opinion, 9/18/15, at 2.

After careful review, we conclude that the PCRA court's June 26, 2015, and September 18, 2015 opinions fully set forth Appellant's claim, identify the proper standards of review, discuss the relevant law, and explain the bases for its conclusion that Appellant has failed to establish any of the *Pierce* prongs for ineffective assistance of counsel. *See VanDivner*, *supra*. We also conclude the PCRA court correctly determined that Appellant's reliance on *Hull* is misplaced. PCRA Court Opinion, 6/26/15, at 13-14. As explained by the PCRA court, the *Hull* court held it was ineffective assistance of counsel to fail to consider offering character witnesses on the ground it would open the door for negative reputation without at least investigating the defendant's reputation in the community.

*Hull*, *supra* at 1025-1026. Instantly, trial counsel did investigate and his concerns were based on his investigation not on mere speculation. PCRA Court Opinion, 6/26/15, at 14. Accordingly, we adopt the June 26, 2015, and September 18, 2015 opinions of the Honorable Richard A. Gray as our own for the purposes of our disposition of this appeal.

Based on the foregoing, we conclude the PCRA court committed no error or abuse of discretion in dismissing Appellant's PCRA petition on its merits. *See Melendez-Negron*, *supra*; *VanDivner*, *supra*. Accordingly, the PCRA court's June 26, 2015 order is affirmed.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2016

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA,  :
              :  CR-1997-2008;
   v.            :  CR- 2072-2008
              :  CRIMINAL DIVISION.
LEON BODLE,          :  PCRA HEARING

## O R D E R

Before the Court is a Petition for Post-Conviction Relief filed by Defendant, Leon Bodle, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546. Following an evidentiary hearing and upon consideration of the testimony, arguments and case-law, and for the reasons provided below, the Court DENIES the petition for relief.

## I. **Factual and Procedural Background**

On January 2, 2009 the Commonwealth charged Bodle at docket no. 1997-2008 with five counts of sexual offenses against a seven year old boy as follows: count 1, criminal solicitation, a felony of the first degree; count 2, unlawful contact, a felony of the first degree; count 3, obscene and other sexual material, a felony of the third degree; count 4, indecent assault, a misdemeanor of the first degree; and count 5, corruption of the morals of a minor, a misdemeanor of the first degree.[1] On December 10, 2008, the Commonwealth charged Bodle at docket no. 2072-2008 with sexual offenses against a nine year old boy, a nine year old girl and a six year old boy as follows: count 1, criminal solicitation, a felony of the second degree, count 2, criminal solicitation, a felony of the third degree, count 3, obscene and other sexual materials, count 4, obscene and other sexual materials, a felony of the third degree, count 5, unlawful communication with a minor, a felony of the third

---

[1] 18 Pa. C.S. § 902(a); 18 Pa. C.S.A. § 6318(A); 18 Pa. C.S. § 5903(c)(1); 18 Pa. C.S.A. § 3126(A)(7); 18 Pa.C.S.A. § 6301 (a)(1).

SCANNED



degree, and count 6, unlawful communication with a minor, a felony of the third degree, count 7 indecent exposure, a misdemeanor of the first degree, count 8 indecent exposure, a misdemeanor of the first degree, count 9 corruption of minors, a misdemeanor of the first degree, and count 10 corruption of minors, a misdemeanor of the first degree.[2]

The Court consolidated these cases for the purpose of trial. A two-day jury trial was held on December 6-7, 2011, at which the Undersigned presided. On December 7, 2011, the jury rendered a verdict of guilty on all counts at both docket numbers for a total of 15 counts.

The Court sentenced Bodle on April 6, 2011. The Court sentenced Bodle to serve an aggregate sentence at a State Correctional Institution, the minimum of which was 242 months and the maximum of which was 484 months.

Bodle did not file post-sentence motions. Bodle filed a notice of appeal on May 5, 2011. On July 6, 2012, the Superior Court granted the Commonwealth's motion to dismiss the appeal for failure to include the relevant transcripts. On August 20, 2012, Bodle filed his first PCRA petition and petition for leave to proceed in forma pauperis. On August 24, 2012, the court appointed the public defender to represent Bodle in that PCRA matter. On November 27, 2012, this Court reinstated Bodle's direct appeal rights. On December 24, 2012, Bodle filed a direct appeal to the Superior Court. On January 8, 2014, the Superior Court affirmed the judgment of sentence.

---

[2] 18 Pa. C.S. § 902(a); 18 Pa. C.S. § 5903(c)(1); 18 Pa. C.S.A. §6318(A); 18 Pa. C.S. §3127 (A); 18 Pa. C.S.A. §6301(a)(1).

2

On February 3, 2014, Bodle filed the instant PCRA petition pro se. On April 24, 2014, the Court appointed Jerry Lynch, Esq. to represent Bodle in the instant PCRA and directed PCRA counsel to file an amended petition or *Turnery/Finley*[3] letter on or before June 20, 2014. Following an initial conference on July 1, 2014, the court granted an extension of time to file an amended PCRA petition to August 11, 2014 and directed the preparation of transcripts of jury selection pursuant to the request of Bodle. PCRA counsel was also directed to attach certifications concerning any witnesses that were not called at trial. A conference was scheduled for August 28, 2014. Upon Bodle's application, the matter was continued from August 25, 2014 to October 23, 2014. Upon Bodle's application, the matter was then continued from October 23, 2014 to November 25, 2014.

On November 24, 2014, Bodle filed an amended PCRA. Upon Bodle's motion, the matter was continued on November 26, 2014 to allow PCRA counsel to meet with trial counsel. PCRA counsel was ordered to file a supplemental amended petition on or before January 10, 2015, identifying what the subject witnesses could add to the case that could be relevant evidence and trial counsel's strategy with respect to what witnesses were called. On January 14, 2015, Bodle filed a supplemental PCRA. In his amended PCRA, Boldle seeks relief on the grounds that trial counsel was ineffective for failure to call certain witnesses. Specifically, Bodle contends that his mother, Karen Bodle and his uncle, Ronald Weigle, should have been called as witnesses to provide positive character evidence and negative evidence about the child victims. In addition, Bodle contends trial counsel should have called his nephew, Devan Bodle, and his nephew's girlfriend, Haley Groulx, to testify that

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)

3

the children had made false allegations to police in the past.[4] Following a conference on February 4, 2015, an evidentiary hearing was held and testimony was received on March 17, 2014.

At the PCRA evidentiary hearing, Bodle presented six witnesses, four of whom Bodle contends should have been called at his trial. Bodle contends that two of those four witnesses, Bodle's nephew, Devan Bodle, and his nephew's girlfriend, Haley Groulx, should have been called to testify as to false allegations made by the children. However, at the PCRA evidentiary hearing, those two witnesses did not provide **any** testimony in support of Bodle's claims. Both denied any knowledge of supposed false allegations allegedly made to the Old Lycoming Police by the children. Neither witness testified to any knowledge of fabrications made by the children.

The remaining two witnesses that Bodle contends should have been called to provide positive character evidence and negative evidence about the child victims testified at the PCRA hearing but did not provide any testimony as to reputation. Bodle's mother, Karen Bodle, testified that had she been called and if admissible, she would have testified that Bodle had good character because he cared for his grandfather. There was no foundation to establish that Karen Bodle had personal knowledge of any reputation that Bodle had in the community as to his character. Karen Bodle's only proffered testimony about specific

---

[4] In his amended PCRA, Bodle contends that an inmate, William Heiser, should have been called to testify that one of the Commonwealth's witnesses told Heiser that he intended to fabricate testimony against Bodle. The witness certification established that the information Heiser only notified trial counsel on May 6, 2011, well over a year after trial. As such, this contention lacks merit. Failure to call a witness requires that "counsel knew or should have known of the existence of the witness." Commonwealth v. Walls, 993 A.2d 289, 302 (Pa. Super. 2010) quoting, Commonwealth v. Wright, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008) (citations omitted). Moreover, since Heiser did not testify at the PCRA hearing and no further argument was raised as to Heiser, it appears the issue has been abandoned and waived.

4

incidents of good acts by Bodle. Similarly, there was no foundation to establish that Karen Bodle had personal knowledge of any reputation in the community as to any of the victims' reputation for truthfulness or dishonesty. Instead Karen Bodle proffered testimony only as to specific instances of dishonesty or bad acts by the child victims. Karen Bodle was confused while providing testimony at the PCRA hearing and some of her testimony was non-responsive. Bodle's Uncle, Ronald Weigle testified at the PCRA hearing that his knowledge of the case was through what others might have said, but that he had no proof. Weigle further testified that he did not know more about the case until after the trial. Weigle did not provide testimony as to any reputation in the community that Bodle may have had.

Trial counsel testified at the PCRA hearing about his trial strategy. Trial counsel testified that he represented Bodle in two separate trials involving sexual abuse to minors at around the same time period. Both trials included similar witnesses and investigations. Trial counsel testified that, after reviewing the pros and cons of any witnesses with Bodle, trial counsel left the decision of whether to call witnesses up to Bodle. Trial counsel testified that in his experience juries do not put a lot of weight into character evidence provided by the mother, close relatives, or friends of a defendant.

As to the specific witnesses at issue, trial counsel testified as follows. Trial counsel was concerned about calling Devan Bodle to testify because Devan Bodle vigorously testified for the Commonwealth in the other trial with testimony that would be harmful to Bodle. If Devan Bodle testified, damaging information might come in to play by opening the door, particularly to evidence relating to evidence in the other trial that had been ruled inadmissible in this trial. Nonetheless, trial counsel left the decision about whether to call

5

Devan Bodle to Bodle. Trial counsel also had concerns that Haley Groulx's testimony. Trial counsel believed Groulx's testimony to be based upon hearsay and would not establish reputation. Even if admissible, trial counsel was not convinced that Bodle could prove that the supposed allegations made by the children were indeed false. Trial counsel testified that he left the decision as to which witnesses to call to the defendant Bodle.

As to Defendant's mother, Karen Bodle, trial counsel had extensive contact with her and had concerns that she could be easily confused. She was very shaky physically. Trial counsel discussed with the Bodle how well his mother may or may not do on the stand, what harm she could do to Bodle's case if she appeared confused, against the benefit and weight of any favorable testimony coming from a victim's mother. As to whether his mother should testify as to a specific incident of good character, if admissible, trial counsel had concerns about introducing evidence of good character which opens the door to significantly harmful evidence. The ultimate decision of whether to call his mother as a witness was left to Bodle.

As to Ronald Weigle, trial counsel testified that Weigle could not give specifics and relied on hearsay. Even if admissible, such evidence may open the door to evidence that had already been determined inadmissible.

Overall, trial counsel had significant concerns that if the defense called character witnesses, the Commonwealth would call witnesses in rebuttal. The investigation revealed that there were neighbors who were hostile to Bodle and could be called to rebut any positive character evidence with bad character evidence. Similarly, some individuals at the school where Bodle worked had a bad opinion of Bodle and there was concern they could be

6

called as adverse witnesses. Trial counsel nonetheless allowed the client to make the determination of each witness; even if it is against his advice, he abides by the client's decision.

Although not raised in his amended PCRA, Bodle testified at his PCRA hearing that his decision not to testify on his own behalf at trial was made in reliance of his understanding that others would be testifying on his behalf. As the Commonwealth pointed out, however, Bodle was colloquied as to his decision not to testify after trial counsel had informed the Court that the defense had no additional testimony. Notes of Testimony (N.T.), 12/7/2010, 22-23.

## II.    Issues Raised

In essence, Bodle's amended petition asserts eligibility for relief pursuant to 42 Pa. C.S. § 954(a)(2)(i) and (ii) on the grounds that trial counsel failed to call witnesses as to defendant's alleged good character and witnesses as to the child victim's alleged bad character and dishonesty. Bodle appears to contend that failure to call character witnesses is *per se* ineffective under Commonwealth v Hull, 2009 PA Super 201; 982 A.2d 1020 ( Pa. Super. 2009) requiring a new trial no matter the circumstances.[5]

---

[5] In his amended PCRA, Bodle identified other issues but appeared to abandon those claims as being without merit. Bodle asserted an issue related to exculpatory evidence and the change in time-line that had been adjudicated during the appeal process. This Court has independently reviewed such claims and agrees that they have been adjudicated through the appeal process. Bodle also contended that trial counsel failed to ask potential jurors whether they could render a fair verdict if Defendant elected not to testify, but his petition appears to have abandoned this claim because trial counsel asked whether anyone feels that could not be fair and impartial and because the trial court provided sufficient instruction to the jury as to that matter. Lastly, PCRA counsel appears to have abandoned the claim of ineffective assistance of counsel for failing to formally seek recusal of the Court because one of the victims' mother worked at the courthouse. The matter had been visited prior to trial and there was no evidence of prejudice. After conducting an independent review of those issues, the Court finds that those issues lack merit and were waived.

7

## III.    Eligibility for Post-Conviction Relief

The PCRA provides specific requirements for eligibility for post-conviction relief. 42 Pa. C.S. § 9543. Section 9543(a) provides that in order to be eligible for relief, a Defendant must be convicted and serving a sentence of incarceration. *Id.* In this matter, it is uncontested that Defendant is currently serving a state sentence of incarceration. However, section 9543(a) also lists three (3) other eligibility requirements; these requirements include:

> (2)    That the conviction or sentence resulted from one or more of the following:
>
> > (i)    A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > (ii)    Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > (iii)    A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.
>
> *    *    *    *    *    *    *    *    *    *    *
>
> (3)    That the allegation of error has not been previously litigated or waived.
>
> (4)    That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel. *Id.*

## IV.    Legal Standards

### *Ineffective Assistance of Counsel*

Trial counsel is presumed to be effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). In order to succeed on a claim for ineffective assistance of counsel,

8

Defendant must overcome the presumption of counsel effectiveness by proving the following three factors, that: (1) Defendant's underlying claim has arguable merit, (2) trial counsel had no reasonable basis for her action or inaction, and (3) the performance of trial counsel prejudiced Defendant. *Commonwealth v. Chimel*, 1111, 1127 (Pa. 2011) (referencing *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987)). *See also Commonwealth v. Sampson*, 900 A.2d 887, 890 (Pa. Super. Ct. 2006), *appeal denied*, 907 A.2d 1102 (Pa. 2006) (citing *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa. Super. 2003)). Actual prejudice must occur; that is, trial counsel's ineffectiveness must have been so evasive that it is reasonable it had an adverse impact on the proceeding's outcome. *Sampson*, 900 A.2d at 890 (citing *Commonwealth v. Howard*, 645 A.2d 1300, 1307 (Pa. 1994)).

### *Failure to Call a Witness*

The standard for ineffective assistance of counsel for failure to call a witness is well-settled.

> In order to prevail on a claim of ineffectiveness for failing to call a witness, a defendant must prove, in addition to meeting the three Pierce 10 requirements, that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial.

Commonwealth v. Walls, 993 A.2d 289, 302 (Pa. Super. 2010) *quoting*, Commonwealth v. Wright, 599 Pa. 270, 331, 961 A.2d 119, 155 (2008) (citations omitted)

9

### *Character Evidence*

"Evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all the evidence presented in the case on the general issue of guilt or innocence." Commonwealth v Hull, 2009 PA Super 201; 982 A.2d 1020 (Pa. Super. 2009), *citing,* Commonwealth v. Harris, 2001 PA Super 291, 785 A.2d 998, 1000 (Pa. Super. 2001) (citing Commonwealth v. Luther, 317 Pa. Super. 41, 463 A.2d 1073, 1077 (Pa. Super. 1983)). *See Also,* Commonwealth v. Johnson, 27 A.3d 244, 248 (Pa. Super. 2011). However, "[e]vidence of good character offered by a defendant in a criminal prosecution must be limited to his **general reputation** for the particular trait or traits of character involved in the commission of the crime charged." Commonwealth v. Johnson, 27 A.3d 244, 248 (Pa. Super. 2011) (emphasis added). The evidence must be "as to the **community opinion** of the individual in question, not through specific acts or mere rumor." Id., Commonwealth v. Luther, supra, 463 A.2d at 1077. (citations omitted)(emphasis added)

### *Reasonable Basis for Trial Strategy*

To succeed in an ineffective assistance of counsel claim, trial counsel must not have had a reasonable basis for the act or omission at issue. *Chmiel, supra,* 30 A.3d at 1127. The Pennsylvania Supreme Court has concluded that "counsel's chosen strategy lacked a reasonable basis *only if* the petitioner proves that the alternative strategy not selected offered a potential for success ***substantially greater than the course actually pursued.*** *Commonwealth v. Koehler,* 614 Pa. 159, 36 A.3d 121, 132 (Pa. 2012)(emphasis added).

10

"Where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." *Commonwealth v. Colavita*, 606 Pa. 1, 993 A.2d 874, 887 (Pa. 2010) (*quoting Commonwealth v. Howard*, 553 Pa. 266, 719 A.2d 233, 237 (Pa. 1998)). "A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Id.*

### *Prejudice*

"Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Champney*, 65 A.3d 386, 396 (Pa. 2013), *citing, Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326, 332 (Pa. 1999).

With these standards in mind, the Court will address Mr. Bodle's PCRA claims.

## V.     **Discussion**

Bodle has not overcome the presumption of counsel effectiveness by proving all, or even one, of the three factors required. A claim of ineffectiveness will be denied when defendant fails to establish any one of the three factors. *Busanet, supra*, 54 A.3d at 45. Bodle has not proven any of the required factors.

The first factor requires that Bodle show that there is arguable merit to the claim that trial counsel should have called the witnesses. In this case, there is no arguable merit that trial counsel should have called the witnesses. Generally, the failure to call provide positive

11

character evidence and negative character evidence about victims, particularly with respect to dishonesty, would have arguable merit. *See, e.g.,* Hull, *supra,* Harris, *supra,* and Luther, *supra.* In the present case, however, none of the witnesses testified as to the reputation in the community of a character trait for Bodle or any of the child victims.

Moreover, the Court had the opportunity to hear and observe the witnesses testify as they would have if called at trial. This Court presided over the two-day trial and was able to observe the atmosphere at trial. After hearing the testimony at the PCRA hearing, the Court concludes that there was no error in not calling these witnesses. Devan Bodle and Haley Groulx had no knowledge of the supposed false allegations to police that a child victim was alleged to have made. Bodle's mother and uncle appeared frail, easily confused and eager to help Bodle, such that their lack of helpful testimony was all the more harmful. These witnesses would have harmed Bodle's case, even in the absence of rebuttal evidence that trial counsel anticipated would be elicited from the Commonwealth in response.

Bodle also failed to prove the second factor which requires that trial counsel had no reasonable basis for not calling the witnesses. Trial counsel testified at the PCRA evidentiary hearing as to his trial strategy. The Court found trial counsel extremely credible and his strategy with respect to presentation of witnesses reasonable. Trial counsel weighed the possible benefits that might come from calling Bodle's mother and nephew against the possibility that they may become confused, garner little weight as family members, and the likelihood that such testimony would open the door to neighbors and co-workers providing adverse character evidence. Trial counsel advised Bodle of the pros and cons of each witness and allowed Bodle to make the final determination as to whether to call the witness.

12

Trial counsel opined that more harm than good would come from calling these witnesses. The Court agrees. The Court concludes that trial counsel had a reasonable trial strategy for not calling the witnesses.

Bodle relies on Hull for the proposition that there is no reasonable trial strategy to forgo character evidence in this case because there was no risk to presenting character evidence when there was no other testimony in the case-in-chief. In Hull, the Superior Court affirmed the PCRA Court's determination that granted a new trial on the basis of trial counsel's failure to investigate and present character evidence.[6] The Hull Court held the following.

> [C]ounsel lacked a reasonable basis for failing to call good character witnesses based on his overall trial strategy to show that the children were lying. Specifically, we hold that trial counsel may not state a broad concern that opposing counsel might introduce bad character evidence on cross-examination without having conducted any kind of investigation to determine if, in fact, there exists bad-character evidence. Hull, supra, 982 A.2d at 1021.

The Superior Court specifically noted that trial counsel had a broad-based fear, and not fear "based on any particular concern he learned of in the course of investigating the character witnesses." Id. Trial counsel was afraid that when the Commonwealth cross-examined regarding the character evidence, the Commonwealth would elicit adverse testimony. However, trial counsel was **not** aware of **any** adverse evidence that could be elicited. Trial counsel had "no reasonable expectation that any of the witnesses would have negative evidence" in rebuttal. Hull, supra, 982 A.2d at 1025. Specifically, the Court

---

[6] In affirmance, the Superior Court noted that since the PCRA court observed the atmosphere of the trial, it must "determine whether the PCRA court's observations are supported by the record, and whether those observations support the result reached by the court." Hull, supra, 982 A.2d at 1027. The same is true in the present case.

13

concluded that "counsel may not justify his failure to present good-character evidence by citing a broad concern that opposing counsel might introduce bad-character evidence on cross-examination without having investigated whether that concern is based in reality." Hull, supra, 982 A.2d at 1027.

By contrast in the present case, trial counsel's investigation revealed hostile neighbors and co-workers with a bad opinion about Bodle who may be called to rebut character evidence. Trial counsel was reasonably concerned that the door to inadmissible evidence from another trial would be opened by these witnesses. One of the witnesses had testified vigorously for the Commonwealth in the other trial against Bode. In the present case, trial counsel had *specific concerns* about presenting the evidence. Hull does not require trial counsel to present character evidence every time a defendant does not present much evidence in his case-in chief and there is also an issue as to credibility of witnesses. Hull specifically considered whether "counsel had reason to believe that any negative consequences would outweigh this positive aspect." Hull, supra, 982 A.2d at 1024. In the present case, trial counsel credibly testified that he weighed the pros and cons of each witness and left the ultimate decision of whether to call the witness up to Bodle. Moreover, *none of the proffered testimony constituted character* evidence but instead referred to the witnesses' personal opinion of character and/or specific acts rather than reputation in the community.

As to the third prong, the Court concludes that the failure to call the witnesses did not prejudice Bodle. To the contrary, the Court concludes that the witnesses would have harmed Bodle's case. There was no prejudice from failing to call them. This is particularly

14

true since none of the testimony went to reputation evidence, and thus would have been inadmissible as specific acts of good and bad character. The Court finds that the evidence against Bodle was so overwhelming that the outcome would not have been different had any of the witnesses been called.

## VI.    Conclusion

Based upon the foregoing, the Court finds no basis upon which to grant the Bodle's PCRA Petition. After an evidentiary hearing, the petition is dismissed.

Pursuant to Pennsylvania Rules of Criminal Procedure 908, Defendant is hereby notified that he has the right to appeal from this order to the Pennsylvania Superior Court. The appeal is initiated by the filing of a Notice of Appeal with the Clerk of Courts at the county courthouse, with notice to the trial judge, the court reporter and the prosecutor. The Notice of Appeal shall be in the form and contents as set forth in Rule 904 of the Rules of Appellate Procedure. The Notice of Appeal shall be filed within thirty (30) days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903.

If the Notice of Appeal is not filed in the Clerk of Courts' office within the thirty (30) day time period, Defendant may lose forever his right to raise these issues. A copy of this order shall be mailed to Defendant by regular and certified mail, return receipt requested.

### O R D E R

AND NOW, this 26th day of **June 2015**, Defendant is hereby notified that it is the Court's intention to dismiss his PCRA Petition, unless he files an objection to that dismissal *within twenty days (20) of today's date*. This Opinion and Order will be served on Defendant as set forth in Pa.R.Crim.P. 908(E).

15

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : 1234 MDA 2015 |
| | : |
| Plaintiff, | : CR:. 1997-2008; 2072-2008 |
| vs. | : OTN: K 735906-3; K 735914-4 |
| | : |
| LEON BODLE, | : |
| | : |
| Defendant. | : **PCRA APPEAL / 1925 (a)** |

## OPINION AND ORDER
### Issued Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a)

This Court issues the following Opinion and Order pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). This is an appeal from the denial of Mr. Bodle's PCRA petition following a full evidentiary hearing. The reasons for the court's decision to dismiss the PCRA petition can be found in the opinion and order entered on June 26, 2015. In his concise statement of matters complained of on appeal, Mr. Bodle provided the following.

> Defendant was denied the effective assistance of counsel as guaranteed by Article 1, § 9 of the Pennsylvania constitution and the 6[th] and 14[th] Amendments of the United States Constitution, in that Attorney Protasio failed to present testimony that would offset the weight of the evidenced offered by prosecution when Attorney Protasio knew (1) that witness existed; (2) that witness was available; (3) that counsel was informed of existence of witness or would have known of witness's existence; (4) that witness was prepared to cooperate and would have testified on defendant's behalf; and (5) that absence of testimony prejudiced defendant.

> The court erred in finding that there was no basis upon which to grant relief after an evidentiary hearing.

In the absence of a specific error,[1] this Court respectfully relies upon it previous opinion dated, June 26, 2015, in support of its request for the affirmance. Since the transcript was not

---

[1] This Court believes that the concise statement is too vague for meaningful review as it implicates the entirety of this Court's ultimate decision on the issues raised in the petition without specifying any specific legal conclusion or factual finding that was in error. "When the trial court has to guess what issues an appellant is appealing, that is not enough for meaningful review." Commonwealth v. Dowling, 2001 PA Super 166, 778 A.2d 683, 686 (Pa. Super. 2001) Issues raised in an overly broad and vague concise statement are waived as being the "functional equivalent" of not being raised at all. *See, e.g.,* Hess v. Fox Rothschild, LLP, 2007 PA Super 133, 925 A.2d 798 (Pa. Super. 2007)(citations omitted).

1

SCANNED



transcribed at the time of the opinion, this Court submits the following transcript references to supplement that opinion

As this Court noted in its opinion, there is no arguable merit that trial counsel should have called the 4 witnesses at issue, counsel had a reasonable basis for not calling them and Bodle suffered no prejudice from the failure to call them. Two of the four proposed witnesses essentially testified that they had no knowledge about the information sought. Notes of Testimony, hearing on March 17, 2015, (N.T.) 47:20; 48:19-21; 64: 17-24; 65:11. The third witness, Bodle's Uncle, Ronald Weigle, essentially admitted that he did not know much at the time of trial and what he did know, was something others had said, but which he could not prove. 61:16-19.

The remaining witness that Bodle claims should have been called is his mother, Karen Bodle. However, Bodle did not establish that his mother could provide any relevant admissible testimony. The proposed testimony from Bodle's mother was that Bodle had allegedly never been in trouble before, N.T. 51:12-13, and that Bodle's character was good because he cared for his grandfather. N.T. 51:4-5. There was no foundation to establish that Bodle's mother had personal knowledge of any reputation in the community as to Bodle's character. N.T. 56:24; 57:2-3, 21-23; 58:1.

Moreover, even if there had been some admissible testimony as to character, the decision about whether to call witnesses, and more specifically as to whether to call Mr. Bodle's mother, was ultimately made by Mr. Bodle after consultation with his trial attorney. Trial Counsel testified that he discussed with Bodle whether to call his mother, and was concerned that she appeared easily confused. N.T. 22:4-7. Trial Counsel did not believe the defense could establish a general reputation of the victim being untruthful, N.T. 30:10-12, or establish what the kids'

2

reputations in the community were. N.T. 31:18-21. Nonetheless, Trial counsel testified that the decision about whether to call his mother was made by Bodle.

> Ultimately, as I usually do in almost every case – in fact I can't remember one where I wouldn't have – the ultimate decision is up to the client whether we call a witness. I explained to him the pros and cons and my opinion as to how well she [Bodle's mother] would do or not do and it was his decision not to have called her. ... Ultimately that would have been his [Bodle's] decision. N.T. 22-23.

Even if there had been character evidence available, trial counsel had significant concerns that if the defense called character witnesses, the Commonwealth would call witnesses and cross-examine witnesses in rebuttal, and that it might have opened the door to evidence from the other criminal trial that would otherwise be inadmissible. N.T. 25-27; 36-40. An investigation revealed that neighbors, teachers, others at the school had a "very bad opinion" of Mr. Bodle and could potentially testify to bad character on the part of the defendant. N.T. 36-40. Trial counsel nonetheless allowed the client to decide whether to call each witness. N.T. 40.

For the reasons stated in this Court opinion dated June 26, 2015, as supplemented by the above references to the record, this Court respectfully requests that its judgment be affirmed.

BY THE COURT,

_____
Richard A. Gray, J.

**September 17, 2015**
Date

cc: District Attorney's Office (KO)
Gerald E. Lynch, Esq. (PCRA Counsel for Defendant)
Leon D. Bodle, JV-4596
    SCI Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000
(Superior & 1)

3